## GILBERT BLAKE v. STATE.

No. A-2713.   Opinion Filed July 23, 1918.

(173 Pac. 963.)

APPEAL AND ERROR—Sentence—Reversal. When a person is tried on a charge of assault with intent to kill, and the state's proof establishes his guilt beyond a reasonable doubt, and no proof is offered on behalf of the person accused in mitigation or justification of his act, but instead a plea of guilty is entered, and the court discharges the jury and imposes punishment in the manner .provided by law, the judgment will not be disturbed upon appeal. unless it can be made to appear that an injustice has been done or some lawful right of the accused denied him.

*Appeal from District Court, Muskogee County;*
*R. P. de Graffenried, Judge.*

Gilbert Blake was convicted of assault with intent
to kill, and he appeals. Affirmed.

*B. Broaddus,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst.
Atty. Gen., for the State.

ARMSTRONG, J. Gilbert Blake was tried and con-
victed at the November, 1915, term of the district court
of Muskogee county on a charge of assault with intent to
kill, and his punishment fixed at imprisonment in the
state penitentiary for five years. From this judgment
he has filed an appeal in this court, seeking a reversal.

The information charges the offense to have been
committed upon the person of Rebecca Jones about the
1st of May, 1915. The plaintiff in error was duly ar-
rested and brought before the district court of Muskogee
county for trial. The state introduced a number of wit-
nesses to establish its case, and from the testimony it
appears that the plaintiff in error and Rebecca Jones
were negroes living in Muskogee, and had been sweet-
hearts for some time; that on the night of May 1st they
attended a carnival on the streets of Muskogee, and about
11 o'clock started home. The Jones woman desired to go
home with a relative. The plaintiff in error as her escort
objected to her going to that particular place, and under-
took to force her to return to her own home. In the argu-
ment the plaintiff in error drew a knife and slashed the
Jones woman in the neck, inflicting a painful and dan-
gerous wound, from the effects of which she was confined
to her room for more than a month. No testimony of any
kind was offered on behalf of the plaintiff in error. At

the close of the state's case, he entered a plea of guilty. The jury was discharged, and the court in due course passed judgment, as the law provides, fixing the punishment of the plaintiff in error at imprisonment in the state penitentiary for a period of five years. A motion for a new trial was filed and affidavits attached, from which affidavits it appears to have been the purpose of counsel for the plaintiff in error to induce the court to extend a new trial because two or three of the persons who did not appear and testify at the trial desired then to say that they saw the fight, and that the plaintiff in error could not have inflicted the wound upon Rebecca Jones, because he was not close enough to slash her with a knife in the manner charged by the information and disclosed by the state's proof. It is also alleged that the plaintiff in error was an illiterate, ignorant negro. They detail no facts, but state these things in generalities.

The court denied the motion, and refused to open the case. The appeal was filed here on the 12th day of April, 1916, as that of a poor person. No briefs have been filed and no appearance made for oral argument. The record has been carefully read and considered, and we find no just complaint against the action of the court. There is no doubt but that the plaintiff in error committed the crime charged against him, nor is there any doubt but that the punishment fixed by the court is just. In our judgment it is rather lenient.

No errors of law appearing, and none of fact being disclosed, there is no reason why the judgment should be disturbed by this court. It is therefore in all things affirmed.

DOYLE P. J., and MATSON, J., concur.